The CftiEF Justice
delivered the opinion.
This was an action of covenant. The declaration was *25 the 3d of May, 1819, and, in substance, alledges, that ort the 4tii of February, 1819, the plaintiff and defendant entered into a written agreement, whereby the plaintiff sold to the defendant twenty-four and one quarter acres of land, at the price of twenty dollars per acre, of which the defendant was not to have possession till March, 1820; and the plaintiff avers that he is ready and will\ng to convey the land aforesaid to the defendant, and will deliver the possession by the first of March, 1820, and assigns a breach of the covenant on the part of the defendant in the non payment of the price.
oyer or ither-wise,musí bé ■ alcen as sot out in the declaration A writing ectar-d in, but not spread upon the record by
Where there are r.ufoal co enao's to be performed si nu'U si nunantoug ^énr hai he pl’.f. ‘ rea-jty antl Wl1-<⅛⅞|!'⅛(£'|? is not suffi-cun ,he must ir" offer to per-j0™. before can sub-je.e the -left, to an action.
To the declaration the defendant demurred; and the circuit court having given judgment for the plaintiff on the demurrer, the defendant has brought the case to this court by writ of error.
-For the defendant, in the court below, it is contended, that the plaintiff could not maintain the action without shewing the performance of the covenant on his part, or an offer to perforin it; and that the allegation, that he is ready and willing to convey, is not a sufficient averment for that purpose. This objection, we are of opinion, is well founded.
The writing declared on, not being made a pari of the record by oyer, or otherwise, we must assume it to be correctly set forth in the declaration As stated in the de- . _ claration, the agreement is, that the plaintiff had sold to the defendant twenty-four and one quarter acres of land, at the price of twenty dollars per acre. Such an agreement, according to the cases of Kendal vs. Talbot, 2 Bibb, 614. and Beal’s adm’r vs. Shoal’s ex’or, 1 Marsh. 475, imports a covenant on the part of the seller to convey, as well as a covenant on the part of the purchaser to pay the stipulated price; and there being, in this case, no time specified when the conveyance was to be made, or the money to be paid, both acts should be done in a convenient and reasonable time, and consequently their performance should be simultaneous, as was held in the case of Kendal vs. Talbot. Now, it is a settled rule, where two acts are to be done at the same time, in consideration of each other, that they are mutual conditions, and neither party can maintain an action for a failure to perform the covenant on the part of the other, without shewing a performance of, or an offer to, perform the covenant on his par!; and this rule is said to be mere particularly applicable to all cases of sales; 1st Saw <1. 320, note 4.
Hardin for plaintiif, Bibb for defendant in error.
We have said that there was no time specified when the fconveyance was to be made, because we cannot admit, as was contended for the plaintiff’ in argument, that the stipulation that the defendant was not to have possession till March, 1820, can be construed to have the effect of postponing the conveyance till that time. The stipulation is not, that the defendant shall then have possession, but that be shall not have it before that lime, and would be wholly unnecessary only upon the supposition that the conveyance was intended to be made before the time when the defendant was to have the possession: for, until he obtained a conveyance, he could have no right to the possession; ami the stipulation, that he should not have the possession before, would be inoperative. But admitting the stipulation to have the effect of postponing the conveyance until March, 1820, it is equally applicable to the payment of the price, and, upon a like principle, must have the effect of postponing the payment till the same time. So that the cove-enant to convey and the covenant to pay the price, would still be required to be performed at the same time; and the rule making them mutual conditions, would be equally as applicable as if no time for their performance were specified. If, then, the covenants are to be construed to be mutual conditions, it is plain, according to the repeated decisions of this court, that the averment, that the plaintiff is “willing and ready to convey,'1'' is not Sufficient to entitle him to maintain his action. lie should have averred either that he bad conveyed, or that he had offered to convey, upon the payment of the price, before the commencement of the action.
The judgment must be reversed with costs, and the cause he remanded for proceedings to be had, not inconsistent with this opinion.