### Ex parte Charles Gregory.

No. 5257. Decided March 26, 1919.

**1.—Contempt—Injunction—Divorce Proceeding—Supreme Court—Jurisdiction.**

Where, upon an original application for writ of *habeas corpus*, the relator sought release from restraint under an order of the District Court adjudging him in contempt for refusing to obey an injunction issued in a divorce proceeding pending in that court, to which the relator and his wife were parties. *Held*, that this being a civil case the application should have been addressed to the Supreme Court of Texas. Following Alderete, 203 S. W. Rep., 763, besides the application fails to present grounds sufficient to justify the departure from the rules stated, and in the condition of the application as it presents itself the writ is dismissed.

**2.—Same—Motion for Rehearing.**

Where, in appellant's motion for rehearing, he asked that the record filed be amended to show that the district judge indorsed his order for the issuance of an injunction before the petition was filed, etc., and treating the record as so corrected the rehearing is overruled.

From Bexar County.

Original *habeas corpus* proceeding asking release from restraint under contempt proceeding for refusing to obey an injuction in a divorce suit.

The opinion states the case.

*W. C. Linden* and *Joe H. H. Graham,* for relator.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in the opinion.

MORROW, JUDGE.—The relator seeks release by an original application for writ of *habeas corpus* from restraint under an order of the District Court of the Forty-fifth Judicial District, adjudging him in contempt for refusing to obey an injunction

issued in a divorce proceeding pending in that court, to which the relator and his wife were parties.

It being the purpose of the application to obtain release from an order made in a civil case, we think the application should have been addressed to the Supreme Court. Ex parte Alderete, 203 S. W. Rep., 763. In order to avoid conflict in the decisions of the courts of last resort, and to give effect to the evident purpose of the Legislature in the passage of Article 1529 of the Revised Statutes conferring jurisdiction upon the Supreme Court in such cases, the practice generally followed by this court is to pursue the course mentioned. With no intent to pass upon the merits of the application, we would say it presents no reasons sufficient to justify a departure from the rule stated.

We find no statement of facts, but from the exhibits attached to the application it appears that May Gregory, wife of relator, brought suit in the District Court of the Forty-fifth Judicial District of the State for a divorce. The petition is signed by Heilbron & Matthews, attorneys, and sworn to by May Gregory before A. E. Heilbron, notary public, September 26, 1918, and entered upon it is the undated order of the judge of the court mentioned directing the clerk to issue a notice for the hearing of the application for alimony, and to issue an order requiring the filing of an inventory, and an injunction restraining the alienation or disposition of community property. The petition was filed September 27, 1918. An amended petition appears to have been signed by the same firm of attorneys, and sworn to before C. J. Matthews on —— day of October, 1918, the date of filing not appearing. An injunction was issued, it appears from the exhibits, on the 27th day of September, 1918. On the 15th day of November, 1918, on a hearing the court adjudged the relator guilty of disobedience of the injunction, assessing a fine of $50 and two days confinement in jail as the punishment, the disobedience consisting in the disposition of property contrary to the order of the court

The relator, based so far as we can learn from the record upon inferences from the exhibits mentioned, charges his restraint is illegal, first, because the acts upon which the contempt is founded are not forbidden by the injunction; second, because the contempt judgment is not shown to have been rendered on a hearing; third, because the judgment of contempt does not accurately recite the injunction order; fourth, because the court is without jurisdiction in that the affidavit charging contempt was made before an attorney of record; fifth, because of the alleged discrepancies between the original and amended petition for divorce; and, sixth, because of an absence of jurisdiction growing out of the fact that the original petition was sworn to before a notary public who was also an attorney of record.

The injunction inhibited the disposition, alienation, conversion

or encumbrance of community property. The judgment of contempt recites that he had failed to obey this order. The judgment also recites that on the hearing of the contempt proceeding both plaintiff and defendant appeared in person and by counsel. The application to have the relator held in contempt is not found in the record. The only information touching the manner in which it is verified is that contained in an unsworn motion made by the relator to dismiss the application, the record furnishing no proof that the application was not properly verified. The original petition does not show on its face that the notary who took the affidavit thereto was one of the attorneys of record, nor is there proof thereof made. Even if it affirmatively appeared on this proceeding that one of the attorneys of record took the affidavit, it would not defeat the jurisdiction of the trial judge or court to enter the order prohibiting the disposition of property belonging to the community estate of the parties to the divorce proceeding. The District Courts are given jurisdiction of divorce cases, and Article 4639, Revised Statutes, gives special authority in such cases to the court or judge thereof to make temporary orders respecting the property of the parties. Even if Article 4649 relating to injunction suits and requiring that petitions therefor be verified applies to the divorce proceeding, the irregular verification would be subject to amendment. Michie's Texas Civil Digest, Vol. 10, p. 31. It has been held, however, by the Supreme Court, in Ex parte Davis, 101 Texas, 607, that one violating the order made by the court in a divorce proceeding under Article 4639, supra, should be held in contempt and punished therefor.

The record does not disclose that the amended petition was filed, nor that it bears any relation to the proceeding under which relator is held.

The application for writ of *habeas corpus* is dismissed.

*Dismissed.*

### ON REHEARING.

MORROW, Judge.—On motion for rehearing the appellant asked that the record filed be amended to show that the judge endorsed his order for the issuance of injunction on the day before the petition was filed and the injunction writ issued by the clerk. Treating the record as so corrected we regard the disposition made of the case the proper one and order the motion for rehearing overruled.

*Overruled.*