### EX PARTE LUCILE HOUSTON.

No. 5734. Decided February 25, 1920.

#### 1.—Injunction—Contempt—Jurisdiction—Supreme Court—Civil Case.

Wher. the writ unde? which relator is restrained was one issued by virtue of an order of the District Court in a civil case, in which the State sought and obtained, after trial by jury, a judgment in injunction proceedings commanding the relator from doing certain things, which she disobeyed and was cited and held in contempt, an application for *habeas corpus* to obtain release from this order should be made to the Supreme Court of Texas. Following: Ex parte Alderete, 83 Texas Crim. Rep., 358, 203 S. W. Rep., 764.

#### 2.—Same—Criminal Offense—Contempt Proceedings—Trial by Jury.

Where relator contended that in view of the fact that the judgment of contempt imports the finding by the trial court that the relator was guilty of a criminal offense, to wit, that of keeping a bawdyhouse; that a special reason exists why this court should entertain jurisdiction and award the relief prayed for, but i. appearing from the record that the disobedience by relator of a judgment of the District Court was founded upon a verdict of a jury granting the injunction to which relator was a party and which has not been set aside by appeal or otherwise, this contention is untenable. Following: Ex parte Allison, 99 Texas 462.

#### 3.—Same—Jurisdiction—Remedy in Supreme Court.

It appearing from the record that the controversy grew out of an effort by relator to obtain release from a contempt judgment, entered against her without a trial by jury in a case in which she had previously been enjoined from conducting a bawdyhouse, this court should not entertain jurisdiction but demand that the relator pursue her remedy in the Supreme Court; but even if jurisdiction were assumed, relief would be denied and the application for *habeas corpus* dismissed.

From Bexar County.

Original *habeas corpus* proceedings asking release from arrest on contempt proceedings for violating a permanent writ of injunction, issued out of the District Court on a civil proceeding.

The opinion states the case.

*W. C. Linden,* for relator.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Ex parte Zuccaro, 72 Texas Crim. Rep., 214; Ex parte Mussett, 72 id., 487; Ex parte Allison, 48 id., 634, and cases cited in the opinion.

MORROW, JUDGE.—In an injunction suit filed in the District Court, Thirty-seventh Judicial District, the relator in this case was enjoined from knowingly permitting to be used, aiding, abetting, or assisting, directly or indirectly, the use, operation, or conduct of certain premises described in the judgment as a bawdy or disorderly house, or being interested in the operation or keeping of same.

It appears that preliminary to granting the injunction, a jury was empanneled, and to this jury there was submitted the question whether the allegations of the plaintiff in the injunction suit had been sustained, and upon their affirmative answer the judgment was rendered. Subsequently, a motion was made to hold the relator for a violation of the injunction. On the hearing of the contempt proceedings, after the State had finished its testimony, the relator demanded a jury, she having not previously expressly waived one. This request was denied by the trial judge, and judgment entered finding the relator guilty of contempt, and assessing a penalty of a fine of $100 and imprisonment for three days in the county jail. Discharge from the process issued on this order is sought on the ground that the judgment of contempt is void in that it was rendered by the court in a proceeding in which the relator had demanded and been denied a trial by jury.

The writ under which relator is restrained is one issued by virtue of an order of the District Court of the Thirty-seventh Judicial District of the State in a civil case, a case in which the State of Texas sought and obtained, after trial by jury, a judgment in injunction proceedings commanding the relator to abstain from doing certain things. She it appears, disobeyed the order, and was cited and held in contempt. To obtain relief by *habeas corpus* from an order of this nature, application should be made to the Supreme Court. This subject was discussed by us in Ex parte Alderete, 83 Texas Crim. Rep., 358, 203 S. W. Rep., 764, as follows:

"And Acts 1905, p. 20 (Rev. Civil Statutes 1911, art. 1529), provides. in substance, that the Supreme Court or any justice there-

of shall have power to issue writs of *habeas corpus* where a person is restrained of his liberty by virtue of any order of a court or judge issued in a civil cause.    The effect of these constitutional and statutory provisions, as the writer understands them, is that the Court of Criminal Appeals is vested with authority to issue writ of *habeas corpus* in all cases where a person is illegally restrained of his liberty, and that the act of the Legislature vesting in the Supreme Court authority to issue such writs where restraint grows out of a civil case gives the Supreme Court concurrent jurisdiction with the Court of Criminal Appeals in such cases.    This, we understand, is the construction placed upon the statute by the Supreme Court; at least such is the intimation in Ex parte Allison, 99 Tex., 464, 90 S. W., 870, 2 L. R. A. (N. S.) 1111, 122 Am. St. Rep., 653. It is also in harmony with the conclusion reached by this court in Ex parte Allison, 48 Texas Crim. Rep., 635, 90 S. W., 492, 3 L. R. A. (N. S.) 622, 13 Ann. Cas., 684.

"It does not follow that the Court of Criminal Appeals will exercise its jurisdiction by granting a writ in every application for writ of *habeas corpus.*    The contrary policy has been declared and made necessary; and, generally speaking, it will not issue original writs of *habeas corpus* in cases where other courts have juridiction to do so.    Ex parte McKay, 82 Texas Crim. Rep., 221, and cases cited. This is because primarily the functions of the Court of Criminal Appeals are appellate, and it is much more expedient that *habeas corpus* questions be determined by the district courts where they have jurisdiction subject to review on appeal to this court.    Upon the same principle this court will refrain from issuing writs of *habeas corpus* against restraint under orders in a civil case because it is more orderly and expedient that the Supreme Court should pass upon such *habeas corpus* proceedings as are placed within its jurisdiction by the statute mentioned above.    So in a contempt proceeding where it appears that it grows out of an alleged failure to observe an order in a civil cause this court will refuse to grant the writ relegating the party to his remedy in the Supreme Court."

Similar expressions are found in Ex parte Gregory v. State, 85 Texas Crim. Rep., 115, 210 S. W. Rep., 205.

The relator insists, however, that in view of the fact that the judgment of contempt imports the finding by the trial court that the relator was guilty of a criminal offense, that of keeping a bawdyhouse, as special reason exists why this court should entertain jurisdiction, and should award the relief prayed for.    We regard the predicate upon which the relator founds this contention as unstable, in that the judgment of contempt imports a finding and fixes a punishment for the disobedience by relator of a judgment of the court founded upon a verdict of a jury granting the injunction, to which judgment the relator was a party, and which she has

not overturned by appeal or otherwise. The relator's effort is to re-open a question upon which announcements have been made by both the courts of last resort in this State, it being her view that the question is unsettled because not rightly settled. Judge Gaines, expressing the views of the Supreme Court, used the following language:

"In courts of law the parties are entitled to have the issues of fact determined by a jury, which is not the case in a court of equity. Hence it might be that in such jurisdictions a statute which attempted to confer upon a court of equity the power to try a cause which was previously cognizable in a court of law, would be held obnoxious to the objection that it deprived the parties of the right of trial by jury. But under our system, in which law and equity are blended, and the right of trial by jury exists, whether the remedy be legal or equitable, the difficulty vanishes. Before the injunction could be made perpetual under the statute in question, it is the right of the defendant to have the jury pass upon the facts. It is true that in case of a violation of the injunction there is in the contempt proceedings no trial by jury; but no such right exists at common law in proceedings for contempt. Hence, that does not contravene the provision which declares that "the right of trial by jury shall remain inviolate." That provision merely protects the right as it existed at the time the constitution went into effect."

See Ex parte Allison, 99 Texas, 462. The decision quoted from had before it a judgment for contempt for violating an injunction restraining the relator from keeping a gaming house. The conclusion therein reached is cited by Judge Ramsey as a precedent in writing the majority opinion of this court in Ex parte Roper 61 Texas Crim. Rep., 68, in which is to be found an exhaustive review of the subject. The controversy grew out of an effort by Roper to obtain release from a contempt judgment entered against him without a trial by jury in a case in which he had been previously enjoined from conducting an inxtoxicating liquor business in violation of the local option prohibition law. The conclusion expressed in that opinion accords with the view of the Supreme Court in the case mentioned, and is in direct opposition to the position taken by the relator in the instant case. To the same effect is the opinion of Chief Justice Brown speaking for the Supreme Court of this State in Ex parte Dupree, 101 Texas Rep., 152.

In the opinion of the writer, the court should not entertain jurisdiction but should demand that the relator pursue her remedy in the Supreme Court, but that if the jurisdiction was assumed the great weight of authority in our own and other States of the Union demands that relief be denied.

The application should be dismissed.

*Dismissed.*