## Ex Parte W. G. Smallwood.

### No. 5813.   Decided April 28, 1920.

**1.—Habeas Corpus—Tick Eradication—Practice on Appeal—Misdemeanor.**

Application for writ of habeas corpus in misdemeanor cases should be made to the County Judge of the County in which the applicant resides. Fol-lowing Ex parte Lambert, 37 Texas Crim. Rep., 435, and other cases.

**2.—Same—Allegation—Proof—Practice on Appeal.**

Where, upon original application for writ of habeas corpus asking this court to pass upon the constitutionality of an act of the Legislature, such application is dismissed in the absence of any documentary proof or other-wise accompanying the application.

From Gregg County.

Original Habeas Corpus proceedings asking release from arrest under a violation of the Tick Eradication Law and attacking its constitutionality.

The opinion states the case.

No brief on file for relator.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: McGee v. State, 81 Texas Crim. Rep., 210; Mulkey v. State, 201 S. W. Rep., 992.

LATTIMORE, JUDGE.—Relator presents his original application for a writ of *habeas corpus*, alleging that he is illegally restrained by the sheriff of Gregg County, by virtue of a *capias* issued out of the justice's court of Precinct No. 1, of said county, a copy of which *capias* is attached to and made a part of the application. The ground of said application, as stated therein, is that Senate Bill No. 108, of the Thirty-fifth Legislature, is unconstitutional, void, and inoperative. Under our procedure, applications for writs of *habeas corups* in misdemeanor cases, should be made to the county judge of the county in which the applicant resides. Vernon's C. C. P., Article 169; Ex parte Lynn, 19 Texas Crim. App., 128; Ex parte Japan, 36 Texas Crim. Rep., 482; Ex parte Lambert, 37 Texas Crim. Rep., 435.

The record in this case consists of the application, with a copy of the *capias* attached. No complaint, or statement of facts, or other proof, documentary or otherwise, accompany said application, and in the absence of some showing, we are unable to know that any prosecution is pending against relator, or that our judgment is properly called into action upon the legality or illegality of his restraint. No brief or presentation of the matter is on file with the clerk of this court, and we are unable to pass upon the facts of the pendency of any prosecution against the relator. In this condition of the record we would be unwilling to discuss any question of the constitutionality of Senate Bill No. 108, Acts of the Thirty-fifth Legislature, against which relator directs his attack. In the absence of some showing as to the character of the prosecution, we would not feel called upon to attempt to discuss whether various sections of said Act are constitional or not, as he might be prosecuted under one or another section of said act, and one section thereof might be held constitutional, and another section unconstitutional.

The application will be dismissed for the insufficiency of the record.

*Dismissed.*