**Ex parte Ben Herbert PHELPER.**

**No. 41679.**

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Rehearing Denied Dec. 4, 1968.

Emmett Colvin, Jr., Dallas, for relator.

Henry Wade, Dist. Atty., Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an original application for writ of habeas corpus brought by the relator, Ben Herbert Phelper, seeking his release from custody resulting from a conviction in County Criminal Court No. 2 of Dallas County. Phelper v. State, Tex.Cr.App., 396 S.W.2d 396.

The relator alleges that he is restrained of his liberty by virtue of a judgment adjudging him guilty of violating Art. 527, P.C. Relator contends that his conviction is invalid on the ground that Art. 527, supra, is void and unconstitutional. Also, that an unconstitutional instruction on community standards was given by the court at the trial in which relator was convicted.

This court has consistently declined to exercise its original jurisdiction in

habeas corpus attacks upon the validity of a misdemeanor conviction, the county court, district court, or a judge of said court having jurisdiction to grant relief, and the petitioner having the right of appeal from an order denying relief. See Arts. 11.09 et seq., Vernon's Ann.C.C.P.; Ex parte Lynn, 19 Tex.App. 120; Ex parte Gregory, 85 Tex.Cr.R. 115, 210 S.W. 204; Ex parte Smallwood, 87 Tex.Cr.R. 268, 221 S.W. 293.

In remanding to the federal district court with directions to dismiss the petition without prejudice to Phelper's right to present to the state courts the issue of whether an unconstitutional instruction on community standards was given to the jury and whether mere possession of obscenity cannot constitutionally be a crime (Phelper v. Decker, 401 F.2d 232), the U. S. Court of Appeals, Fifth Circuit, appears to have overlooked the fact that the post conviction procedure provided in Art. 11.07 of the Texas Code of Criminal Procedure as amended in 1967 does not apply to misdemeanor convictions.

The petition for writ of habeas corpus is dismissed.