**Larry Eugene THOMPSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–81–669CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1983.

Will Gray, Simonton, for appellant.

Ray E. Speece, David Knight, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

This is an appeal from a conviction for the offense of robbery, wherein a jury found appellant guilty, and assessed punishment at confinement for twenty-five (25) years in the Texas Department of Corrections and a fine of Two Thousand ($2,000.00) Dollars. We reverse and remand for a new trial.

On the evening of April 18, 1981, the complainant, Tommy Earl Baldwin, was sleeping in his truck, parked in the 2200 block of Jensen Drive, in Houston, Texas. The area around the truck was well-lighted by a nearby barbershop light. Witness Josephine Penrice, passing by the complainant's truck, observed both truck cab doors open and two men, one of whom was appellant, searching complainant's pockets. Appellant unsuccessfully attempted to take a ring off complainant's finger. Then, appellant, using an object appearing similar to "tear gas pens" utilized by mailmen to protect themselves from dogs, sprayed a fluid substance on complainant's eyes and face. Appellant then took complainant's wallet, removed its cash, and threw the wallet across the street. Appellant's companion retrieved the wallet and put it into a trash receptacle. Complainant remained unconscious and/or asleep and was totally unaware of the foregoing events. Complainant testified that he was on his way to a "joint" to meet his brother, and that the

last thing he remembered was leaning over to roll up the right front window, and that the next thing he remembered was being awakened by a police officer and being asked to get out of his truck. He further testified that when he awoke, he felt a burning sensation in his eyes and nose that was painful.

Shortly after observing the taking of complainant's property, witness Penrice contacted nearby police officers concerning the incident. The officers returned to the scene with Penrice, where she identified appellant and his companion as the two who had taken the property of complainant. Appellant and his companion were arrested at the scene of the crime. Incident to the arrest, one of the police officers recovered $26.00 in cash, a man's gold ring, and a baby picture with complainant's name and a short inscription on the back. The officers also recovered complainant's wallet from the nearby trash receptacle. The officers did not find anything on appellant's person, on the co-defendant's person, or at the scene of the crime that was capable of emitting a spray.

At the close of the presentation of the State's evidence, appellant made an unsuccessful Motion for an Instructed Verdict, claiming that the State had not proved that complainant had suffered any bodily injury. Appellant then rested without producing any evidence. The jury was charged to find appellant guilty of either the offense of robbery or the offense of theft (but not both), or to find appellant not guilty. They returned a verdict of guilty for the offense of robbery, and assessed punishment at confinement for twenty-five (25) years in the Texas Department of Corrections, and a fine of Two Thousand ($2,000.00) Dollars.

In his only ground of error, appellant does not contest the sufficiency of the evidence to show that he took corporeal personal property from complainant without his consent, but challenges the sufficiency of the evidence concerning whether he intentionally and knowingly caused bodily injury to complainant in the course of committing theft. Tex.Penal Code Ann. § 29.-

02(a)(1) (Vernon 1974), providing a definition of the offense of robbery, states:

> "(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another; . . ."

Further defining the above offense, § 1.07(a)(7) (Vernon 1974) provides the following statutory definition:

> "(a) In this Code:
>
> (7) 'Bodily Injury' means physical pain, illness, or any impairment of physical condition."

In the instant case, the pertinent part of the indictment reads as follows:

> IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS: The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, LARRY EUGENE THOMPSON hereafter styled the Defendant, heretofore on or about April 18, 1981, did then and there unlawfully while in the course of committing theft of property owned by TOMMY EARL BALDWIN, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly cause bodily injury to the Complainant, by spraying him with a substance unknown to the Grand Jury.

Appellate briefs of both appellant and the State correctly cite cases, including *Ramirez v. State,* 518 S.W.2d 546 (Tex.Cr.App.1977), *Lewis v. State,* 530 S.W.2d 117 (Tex.Cr.App. 1975), and *Ulloa v. State,* 570 S.W.2d 954 (Tex.Cr.App.1978), for the proposition that any pain or impairment of physical condition suffered by complainant satisfies the requirement of "bodily injury", as defined in the statute. However, this case is clearly distinguishable, as the case at bar reflects that complainant was totally unaware of any bodily injury which he might have sustained, due to his unconscious state. In testimony, complainant stated that he was

completely unaware of the events encompassing the illegal activities of appellant, to wit:

Q. Do you remember what happened after you tried to roll up that window?

A. No, I don't.

Q. Do you remember anything?

A. No.

Q. What's the first thing you remember after you leaned over to roll up that window?

A. Well, when I leaned over to roll it up, I don't remember anything after that.

Q. What's the first thing you remember after that, after you awoke?

A. After I awoke the first thing I remember was the policemen were waking me up and told me to get out of the truck.

Moreover, the State failed to show a causal connection between the burning sensation felt by complainant and the spraying of the unknown substance in the face of complainant by appellant. The record presents no evidence that the complainant reported to the police officers or witness Penrice, at the scene of the crime, that he felt pain. The only evidence of complainant's pain was in his testimony, in response to leading questions by the State:

Q. And did you feel any sensation in your eyes and in your nose?

A. Well, it was slightly burning like after I got up.

Q. You felt a burning sensation in your eyes and your nose?

A. That's right.

Q. Was that painful to you?

A. Yes, it was.

Speaking directly to this issue, the Practice Commentary to Tex.Penal Code Ann. § 29.02 (Vernon 1974) identifies the legislative intent of the robbery statute:

"As in prior law, the violence used or threatened must be for the purpose of preventing or overcoming resistance to the theft. Violence used or threatened for some purpose unrelated to the theft is a separate offense against the person..."

The evidence reflects that complainant was not compelled to acquiesce to the theft, by reason of an act of violence or force by appellant. Furthermore, the State failed to introduce any evidence as to the effects of an unknown substance allegedly sprayed upon the complainant, or to prove a causal connection between the spraying of the unknown substance and any bodily injury, as it has been heretofore defined. We find that the evidence was insufficient to show that appellant intentionally and knowingly caused bodily injury to complainant in the course of committing the theft. Appellant's ground of error is thus sustained.

The conviction is reversed, and the cause is remanded with instructions to enter an acquittal on the indictment for robbery. However, this will not preclude the State from proceeding to trial on the lesser included offense of theft.