**Ex parte Larry Eugene THOMPSON.**

**No. 69152.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1985.

Will Gray, Houston (court appointed), for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an original writ of habeas corpus filed in this Court after the district judge of the 209th District Court of Harris County refused to issue the writ. The applicant alleges that he is being illegally restrained of his liberty by the Sheriff of Harris County under an indictment charging him with the offenses of robbery and theft. Applicant alleges that the trial of this cause would subject him to punishment prohibit-

ed by the Double Jeopardy Clause because he was previously indicted and tried for both of these offenses.

According to his application, applicant was tried before a jury for both these offenses. After presentation of the evidence during the guilt-innocence phase of the trial, applicant alleges that both offenses were submitted to the jury with instructions that he could be found guilty of only one of the offenses. The jury found applicant guilty of robbery and after the punishment phase of the trial he was sentenced to twenty-five years' imprisonment and fined $2,000.00. According to applicant, his robbery conviction was reversed by the Fourteenth Court of Appeals because of insufficient evidence.[1]

Applicant argues that based on *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App. 1982), he is entitled to raise and appeal his Double Jeopardy claim *before* the trial of the indictment which is currently pending against him. We do not address the procedural holding this Court made in *Robinson*. However, under the current posture of this case, *Robinson* is not applicable.

The record before us contains only applicant's original application for writ of habeas corpus which was filed in this Court, an order from this Court ordering the judge of the 209th District Court of Harris County to file a response to applicant's application, an order granting leave to file the application in this Court, a motion to dismiss the writ of habeas corpus filed by the judge of the 209th District Court, and a motion and an order granting bail pending final disposition of this cause. The response filed by the Judge of the 209th District Court shows that the indictment under which applicant was being held has been dismissed.[2]

Therefore, applicant's contention is moot, and the application is dismissed.

It is so ordered.

1. The citation to the Court of Appeals' opinion is *Thompson v. State*, 650 S.W.2d 156 (Tex.App.—Houston [14th] 1983). On appeal applicant did not challenge the sufficiency of the evidence to show that he took corporeal personal property from the complainant without his consent, but only challenged the sufficiency of the evidence concerning whether he intentionally or knowingly caused bodily injury to the complainant in the course of committing theft. The Court of Appeals found the evidence insufficient on this point only and found that applicant should be acquitted only on the indictment for robbery. *They specifically held that the State would not be precluded from proceeding to trial on the lesser included offense of theft.*

2. It appears that the applicant has been reindicted for the theft offense, but does not here complain of any restraint resulting therefrom. See note 1, supra.