WR-83,674-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/14/2015 2:55:05 PM
Accepted 8/14/2015 3:13:09 PM
ABEL ACOSTA
CLERK

**WR-83,674-02**
**(Trial Court Cause No. 2014CR1548)**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE COURT OF** |
| | § | |
| | § | **CRIMINAL APPEALS** |
| | § | |
| **JASON CHILDRESS** | § | **AT AUSTIN** |

## STATE'S ORIGINAL ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW the State of Texas, by and through its Assistant District Attorney, and files this its Original Answer to the Application for Writ of Habeas Corpus in the above-captioned cause.

### Factual and Procedural History

On December 15, 2014, the State filed an information and complaint with the Comal County Clerk charging Applicant with Failure to Identify as a Fugitive from Justice, a class "A" misdemeanor. Complaint, *attached*. Applicant apparently mailed a letter to the County Clerk's office requesting that they update his address prior to his appearance date on February 3, 2015. For reasons unknown, the notice of Applicant's court appearance date was sent to the address on the bond. Although a capias warrant was issued for Failure to Appear on that date, in light of the forgoing, the County Court at Law has cancelled the capias warrant for the Failure to Appear offense. Cancellation, *attached*.

1

## A. Jurisdiction Was More Appropriate in the County Court at Law.

Applicant never submitted his habeas application to the County Court at Law. Tex. Crim. Proc. Code Ann. art. 11.05, 11.09 (West, Westlaw through 2013 Sess.) ("If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed…."). Because a complaint was filed in the County Court on December 15, 2014 – well before the instant application – Applicant should have pursued relief in that court first. *See* Tex. Crim. Proc. Code Ann. art. 4.16 (West, Westlaw through 2015 R.S. ch. 46) ("[w]hen two or more courts have concurrent jurisdiction of any criminal offense, the court in which … a complaint shall first be filed shall retain jurisdiction …."); *see also* Tex. Gov't Code Ann. § 26.045(a) (West, Westlaw through 2015 R.S. ch. 46) (county courts have exclusive original jurisdiction over most misdemeanors).

The Court of Criminal Appeals has generally declined to issue writs of habeas corpus where other courts have jurisdiction to do so. *Ex parte Alderete*, 203 S.W. 763, 764 (Tex. Crim. App. 1918). This is particularly true in the context of misdemeanor cases. *See generally Ex parte Smallwood*, 87 Tex. Crim. 268, 269, 221 S.W. 293 (1920) ("applications for writs of habeas corpus in misdemeanor cases should be made to the county judge of the county in which the applicant resides"); *Ex parte Phelper*, 433 S.W.2d 897, 897-98 (Tex. Crim. App. 1968)

2

("This court has consistently declined to exercise its original jurisdiction in habeas corpus attacks upon the validity of a misdemeanor conviction, the county court, district court, or a judge of said court having jurisdiction to grant relief, and the petitioner having the right of appeal from an order denying relief"); *see also* Ralph H. Brock, *The Art of Criminal Habeas Corpus Practice in State Courts*, 2 App. Advoc. 3, 7 (1989) ("The only writ that should be filed initially in the Court of Criminal Appeals is the art. 11.07 writ. Thus the way is marked, and the maze is easily run."); 43 Tex. Prac., Criminal Practice And Procedure § 35:13 (3d ed.) ("Comity strongly suggests that the writ should be made returnable to the county court in which the misdemeanor prosecution is pending").

As one court observed as early as 1885, although a provision granting the local court jurisdiction – substantially similar to Texas Code of Criminal Procedure article 11.09 – was not mandatory, it clearly "indicate[d] that the application for the writ should, in the first instance, be made to the local judge or court competent to grant the same" to localize the administration of law as much as possible. *Ex parte Lynn*, 1885 WL 6887, 19 Tex. App. 120, 121 (1885, no writ). Despite that applicant's claim that the local judge was prejudiced against him, the court refused his application, observing that his allegation was mere supposition and conjecture. *Id*. at 122-23.

In the present case, Applicant has not provided any evidence that the local court could not handle the application. Because he should have first presented it to the County Court at Law, this Court should deny his application. *See Ex parte Alderete*, 203 S.W. at 764; *Ex parte Smallwood*, 221 S.W. 293; *Ex parte Phelper*, 433 S.W.2d at 897-98; Tex. Crim. Proc. Code Ann. art. 4.16, 11.05, 11.09.

**B.      The State Generally Denies Applicant's Allegations.**

The State generally denies each and every allegation in the application, and respectfully demands strict proof thereof.

**C.      Applicant's Complaints Related to His Failure to Appear Capias Warrant Are Now Moot.**

The cancellation of the capias for Failure to Appear should moot Applicant's claims related to that issue in the instant habeas application and in Applicant's petition for writ of mandamus filed under case number WR-83,674-01. *See Ex parte Thompson*, 685 S.W.2d 338, 339 (Tex. Crim. App. 1985) (dismissal of complained-of indictment rendered applicant's contention moot). Because the only relief Applicant requested was to "relieve Petitioner of his unlawful restraint resulting from the void Capias" (Application at 15), the Court should dismiss his application as moot.

4

**D.** **Applicant Cannot Challenge a Statute "As Applied" in a Pretrial Writ, Nor Otherwise Try the Facts of His Case Pretrial.**

Applicant complains of several issues in his lengthy application, such as his failure to be afforded an examining trial. Application Appendix, Tab K, at 19. However, the Court of Criminal Appeals has not construed article 16.01 to require examining trials in misdemeanor cases. *Clark v. State*, 417 S.W.2d 402, 403 (Tex. Crim. App. 1967); Tex. Crim. Proc. Code Ann. § art. 16.01 (West, Westlaw through 2015 R.S. ch. 46). Applicant does not even assert he requested an examining trial before the complaint was filed. Applicant's other claims similarly lack merit.

Habeas corpus is an extraordinary remedy that should not be used as a substitute for an appeal. *Ex parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010); *Ex parte Morales*, 416 S.W.3d 546, 548 (Tex.App.—Houston [14th Dist] 2013, pet. ref'd.). On interlocutory review, appellate courts must be careful not to entertain an application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal. *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see also Ex parte Smith*, 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005). Only issues cognizable on habeas grounds, such as those that protect the applicant's substantive rights or conserve the use of judicial resources may be

considered on interlocutory appeal. *See Weise*, 55 S.W.3d at 620; *Ex parte Morales*, 416 S.W.3d at 548.

Applicant seeks to raise an "as applied" challenge to 38.02(a). Application at 11. While a defendant may raise a facial challenge to a statute via pretrial writ, a defendant must preserve an "as applied" constitutional challenge by raising it at trial. *Flores v. State*, 245 S.W.2d 432, 437 (Tex. Crim. App. 2008); *Grant v. State*, 2010 WL 311430 (Tex.App.—Waco 2010, no pet.). "The writ of habeas corpus cannot be used to try a violation of the law as an original proceeding in [the appellate courts]; that is, it cannot be resorted to ascertain the guilt or innocence of a party." *Ex parte Kent*, 90 S.W. 168, 168 (Tex. Crim. App. 1905).[1] Defendants may not use pretrial habeas corpus to obtain appellate rulings on whether the particular facts of their case constitute a criminal violation of the law at issue in their case. *Ex parte Hammonds*, 230 S.W.2d 820, 821 (Tex. Crim. App. 1950); *Ex parte Overstreet*, 89 S.W.2d 1002, 1003 (Tex. Crim. App. 1935); *Ex parte Meers*, 88 S.W.2d 100, 100–01 (Tex. Crim. App. 1935); *Ex parte Drenner*, 67 S.W.2d 870, 871–72 (Tex. Crim. App. 1934); *Ex parte Windsor*, 78 S.W. 510, 510 (Tex. Crim. App. 1904); *accord*, *Ex parte Osborne*, 1999 WL 792435 (Tex.App.—San Antonio 1999, pet. ref'd) (not designated for publication) (pretrial habeas corpus

---

[1] It would likewise be inappropriate in a local court habeas corpus proceeding to try to determine whether the accused is guilty under the particular facts of his case. *Ex parte Price,* 210 S.W.2d 152, 153 (Tex. Crim. App. 1948); *State v. Cleaton*, 5 S.W.3d 908, 910 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

could not be used to challenge indictment based on the alleged ground that the State could not prove the defendant's actions caused the victim's death).

Applicant cannot challenge statutes as applied, nor otherwise attempt to try the facts of his case in a pretrial writ of habeas corpus. "[W]here there is an adequate remedy at law by appeal following a final judgment, neither an appellate court nor a trial court should entertain an application for a writ of habeas corpus." Sara Rodriguez, *Appellate Review of Pretrial Requests for Habeas Corpus Relief in Texas*, 32 Tex. Tech L. Rev. 45, 48 (2000) (citing, inter alia, *M.B. v. State*, 905 S.W.2d 344, 346 (Tex. App.—El Paso 1995, no pet.) (citing *Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex. Crim. App. 1980); *Ex parte Powell*, 558 S.W.2d 480, 481 (Tex. Crim. App. 1977)). Because Applicant may not usurp the function of an appeal through a pretrial habeas corpus application, the Court should deny him any relief. *See Ex parte Banks*, 769 S.W.2d 539 (Tex. Crim. App.1989); *Ex parte Overstreet*, 89 S.W.2d 1002, 1003 (Tex. Crim. App. 1935).

## **PRAYER**

Respondent prays that no relief be granted to Applicant and that all costs be taxed against Applicant. Alternatively, Respondent prays that the Court request a response to any particular issue it wishes Respondent to address before deciding whether to grant relief. *Cf*. Tex. R. App. P. 52.4. Furthermore, Respondent prays

7

for all relief, both special and general, in law and in equity, to which it may be entitled.

WHEREFORE, PREMISES CONSIDERED, the application for Writ of Habeas Corpus should be, in all things, DENIED.

Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley**
SBN: 24088254
Assistant District Attorney
150 N. Seguin Avenue, Ste. #307
New Braunfels, Texas 78130
Phone: (830) 221-1300
Fax: (830) 608-2008
E-mail: preslj@co.comal.tx.us
Attorney for the State

## CERTIFICATE OF SERVICE

I certify that on the 14th day of August, 2015, a true and correct copy of the foregoing document and the following attached appendix was sent to the pro se Applicant:

Jason Childress
jchildress1980@gmail.com
9141 Gristmill Ct.
Fort Worth, TX  76179

By electronic service through efile.txcourts.gov to the above-listed email address.

/s/ Joshua D. Presley
**Joshua D. Presley**
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Rule 73.3 of the Texas Rules of Appellate Procedure, that the instant response is computer-generated using Microsoft Word and said computer program has identified that there are 1,724 words within the portions of this response required to be counted by Rule 73.1 of the Texas Rules of Appellate Procedure. The document was prepared in proportionally-spaced typeface using Times New Roman 14 for text and Times New Roman 12 for footnotes.

/s/ Joshua D. Presley
**Joshua D. Presley**
Assistant District Attorney

# Appendix

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

I, IDA PANIAGUA, BEING DULY SWORN, DO STATE UPON MY OATH THAT I HAVE GOOD REASON TO BELIEVE AND DO BELIEVE BASED UPON THE INFORMATION SUPPLIED BY JAMES BELL AND I CHARGE THAT BEFORE THE MAKING AND FILING OF THIS COMPLAINT, ON OR ABOUT THE 4TH DAY OF SEPTEMBER, 2014, IN THE COUNTY OF COMAL AND STATE OF TEXAS, <u>JASON TRUMAN CHILDRESS</u>, DID THEN AND THERE, KNOWING THAT JAMES BELL WAS A PEACE OFFICER, INTENTIONALLY REFUSE TO GIVE HIS NAME, DATE OF BIRTH, AND ADDRESS TO JAMES BELL, A PEACE OFFICER WHO HAD LAWFULLY ARRESTED THE DEFENDANT AND REQUESTED THE INFORMATION, AND THE DEFENDANT WAS THEN AND THERE A FUGITIVE FROM JUSTICE.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
COMPLAINANT

CHARGES:    FAILURE TO IDENTIFY FUGITIVE
               CLASS A

SWORN TO AND SUBSCRIBED BEFORE ME BY IDA PANIAGUA, A CREDIBLE PERSON, THIS _15_ DAY OF _____, A.D., 2014.

JENNIFER A. THARP
COMAL COUNTY CRIMINAL DISTRICT ATTORNEY

FOR JENNIFER A. THARP BY:

_____
ASSISTANT CRIMINAL DISTRICT ATTORNEY

07/14/1980    14-43028
ARREST DATE: 09/04/2014
BOND AMOUNT: $3,000.00
TRN: 9213066511   TRS: A001

FILED FOR RECORD
2014 DEC 15 AM 10:23
JOY STREATER
COUNTY CLERK COMAL COUNTY
BY:

CERTIFIED TO BE A TRUE AND CORRECT COPY.



BOBBIE KOEPP
COMAL COUNTY CLERK

PAGE _1_ OF _11_

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

I, THE UNDERSIGNED AUTHORITY REPRESENTING THE OFFICE OF THE CRIMINAL DISTRICT ATTORNEY OF COMAL COUNTY, IN SAID STATE, ON THE WRITTEN AFFIDAVIT OF IDA PANIAGUA, A COMPETENT AND CREDIBLE PERSON HEREWITH FILED IN THE COUNTY COURT AT LAW DO PRESENT IN AND TO SAID COURT THAT ON OR ABOUT THE 4TH DAY OF SEPTEMBER, 2014, AND BEFORE THE MAKING AND FILING OF THIS INFORMATION, IN THE COUNTY OF COMAL AND THE STATE OF TEXAS, **JASON TRUMAN CHILDRESS**, DID THEN AND THERE, KNOWING THAT JAMES BELL WAS A PEACE OFFICER, INTENTIONALLY REFUSE TO GIVE HIS NAME, DATE OF BIRTH, AND ADDRESS TO JAMES BELL, A PEACE OFFICER WHO HAD LAWFULLY ARRESTED THE DEFENDANT AND REQUESTED THE INFORMATION, AND THE DEFENDANT WAS THEN AND THERE A FUGITIVE FROM JUSTICE.

AGAINST THE PEACE AND DIGNITY OF THE STATE

JENNIFER A. THARP
COMAL COUNTY CRIMINAL DISTRICT ATTORNEY

FOR JENNIFER A. THARP BY:

ASSISTANT CRIMINAL DISTRICT ATTORNEY

07/14/1980     14-43028

FILED FOR RECORD
2014 DEC 15 AM 10: 23
JOY STREATER
COUNTY CLERK COMAL COUNTY
BY

CERTIFIED TO BE A TRUE ...
CORRECT COPY.

BOBBIE KOEPP
COMAL COUNTY C...

PAGE ___ OF ___

# AUTHORIZATION FOR CAPIAS CANCELLATION

DEFENDANT'S NAME:  JASON TRUMAN CHILDRESS

CAUSE NO: **2014CR1548**

TYPE OF CAPIAS/OFFENSE:**FTA/ FAIL TO IDENTIFY FUGITIVE FROM JUSTICE**

CAPIAS ISSUE DATE: **03/02/2015** BOND REINSTATED: _X_ YES ___ NO

REASON FOR CANCELLATION: **PER ASHLEY EVANS**

RECALLED TO: **Diane** ___ BY: **Cyn Peterson** ___ DATE: **8/12/2015** ___
      Warrant Division      Deputy Clerk

---

I, the undersigned authority, do hereby authorize the cancellation of the capias on the above named defendant, this the ___ day of ___, 2015.

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct
copy of the record FILED in the
Official Court records of County Court
at law on this date and time stamped
thereon.
Bobbie Koepp
County Clerk
By:

JUDGE PRESIDING
County Court At Law
Comal County, Texas

CERTIFIED TO BE A TRUE AND
CORRECT COPY.
BOBBIE KOEPP
COMAL COUNTY CLERK
PAGE___ OF___