

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-82,807-01

### EX PARTE JUSTIN TODD VALDEZ, Applicant

---

### ON APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS
### CRIMINAL ACTION NO. 41070 IN THE COUNTY COURT AT LAW
### CALDWELL COUNTY

---

NEWELL, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, KEASLER, HERVEY, ALCALA, RICHARDSON and YEARY, JJ., joined. KELLER, P.J., filed a concurring opinion in which KEASLER, HERVEY and YEARY, JJ., joined. RICHARDSON, J., filed a concurring opinion. JOHNSON, J., filed a dissenting opinion.

### O P I N I O N

We filed and set this application for an original writ of habeas corpus to consider whether an original writ of habeas corpus in this Court is the proper avenue for seeking an out-of-time petition for discretionary review (PDR) from a judgment imposing community supervision. We conclude that it is not. Relief must first be sought at the trial level. Because Applicant has not attempted to obtain

habeas corpus relief at the trial level, we dismiss this application.

*Background*

Applicant was convicted of misdemeanor assault and placed on community supervision. He appealed that conviction, and the court of appeals affirmed. *Valdez v. State*, No. 03-12-00098-CR, 2014 WL 4362949 (Tex. App.–Austin Aug. 29, 2014) (not designated for publication). This Court granted Applicant two extensions of time to file a PDR, but ultimately he did not file one. Mandate issued on January 15, 2015.

Filing an application for an original writ of habeas corpus in this Court on Applicant's behalf, counsel contends that Applicant is entitled to an out-of-time PDR. In an affidavit attached to the application, counsel states that he intended to timely file a PDR but failed to do so because he mistakenly believed that the PDR was not due until January 24, 2015. Counsel also states in the affidavit that he has spoken personally with the Caldwell District Attorney and that the District Attorney agrees that applicant is entitled to the opportunity to file a PDR. Counsel further contends that an original writ of habeas corpus from this Court is the appropriate mechanism for obtaining an out-of-time PDR because "a misdemeanor trial judge does not have authority to order the Court of Criminal Appeals to permit the filing of an out-of-time PDR."

We abated the proceedings for thirty days and invited the State to file a response. *Ex parte Valdez*, No. WR-82,807-01, 2015 WL 1407243 (Tex. Crim. App.

Mar. 25, 2015) (not designated for publication). No response was filed. We subsequently filed and set this application for submission.

### *Habeas Authority*

Article I, § 12, of the Texas Constitution provides that the writ of habeas corpus "is a writ of right, and shall never be suspended." TEX. CONST., Art. I, § 12. That constitutional provision also charges the legislature with enacting "laws to render the remedy speedy and effectual." *Id.* Article V of the Texas Constitution explicitly confers power on this Court to issue writs of habeas corpus "[s]ubject to such regulations as may be prescribed by law." TEX. CONST., Art. V, § 5(c). Article 11.05 of the Code of Criminal Procedure recognizes the authority of this Court, the district courts, the county courts, and any judges of these courts to issue the writ of habeas corpus "under the rules prescribed by law." TEX. CODE CRIM. PROC., art. 11.05.

Chapter 11 of the Code of Criminal Procedure contains some provisions that apply in general to habeas proceedings, and it also contains a few sections that detail procedures to be used for relief from particular types of judgments, orders, or proceedings under certain circumstances. TEX. CODE CRIM. PROC., arts. 11.01-11.04, 11.07-11.65. When an application does not fall within one of the provisions relating to a certain type of judgment, order, or proceeding, a habeas corpus remedy may

nevertheless be available under the Texas Constitution and Article 11.05.[1] For example, we held in *Ex parte Schmidt* that a person who had discharged a misdemeanor sentence, but was suffering collateral consequences of that sentence, could file a habeas application in the county court even though he did not meet the confinement requirement of Article 11.09. 109 S.W.3d at 483. A habeas application that is not governed by one of the provisions applying to specific types of judgments, orders, or proceedings is often referred to as a "Constitutional writ" or an "Article 11.05 writ."

Here, Applicant has sought relief in this Court by virtue of a "Constitutional writ" rather than invoking our appellate jurisdiction via PDR from a writ application filed with the trial court and taken through the usual appellate process. Because this is not the type of circumstance calling for this Court's exercise of its original habeas corpus jurisdiction, we dismiss the application.

As we explained in *Ex parte Lambert*, this Court will abstain from exercising its original habeas jurisdiction except in extraordinary circumstances.

> We are also of the opinion that this is a matter over which the district judges are authorized to entertain jurisdiction and grant the writ of

---

[1] *Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003) ("When they are read together, Article V, section 16 of the Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure give the statutory county court at law, and the judges of that court, the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor."); *See also Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, 769 S.W.2d 554, 558 (Tex. Crim. App. 1989) (habeas corpus application could be filed with trial court pursuant to Texas Constitution when Applicant did not meet the custody requirement of Article 11.07).

> habeas corpus. While the Constitution and the statute on the subject give this court jurisdiction to issue writs of habeas corpus, yet we do not believe it was the intention of the law makers to constitute this tribunal a nisi prius court for the purpose of issuing and trying indiscriminately all cases of habeas corpus. The Constitution and the laws of this State authorize us to review such cases on appeal, and we now lay down the rule that, except in extraordinary cases, we will not entertain jurisdiction as a court to grant original writs of habeas corpus.

37 Tex. Crim. 435, 435-36, 36 S.W. 81, 81-82 (1896). We have followed or cited to this rule in later cases, though it has been some time since we have had the occasion to address this rule, or *Lambert*, in a published opinion.[2] Nevertheless, citing our decision in *Lambert* among others, the United States Supreme Court has much more recently recognized the vitality of this rule across the various states. *Carey v. Saffold*, 536 U.S. 214 (2002) (quoting *Lambert* and also quoting *In re Barlow*, 48 Idaho 309, 282 P. 380 (1929)) ("The Supreme Court, having jurisdiction to review on appeal decisions of the district courts in habeas proceedings will not exercise its power to

---

[2] *See Guinn v. State*, 228 S.W. 233, 234 (Tex. Crim. App. 1921) (following *Lambert*); *Ex parte Smallwood*, 221 S.W. 293, 293 (Tex. Crim. App. 1920) (citing *Lambert*); *Ex parte Houston*, 219 S.W. 826, 826 (Tex. Crim. App. 1920) (quoting *Ex parte Alderete*, 203 S.W. 763, 764 (Tex. Crim. App. 1918) ("It does not follow that the Court of Criminal Appeals will exercise its jurisdiction by granting a writ in every application for writ of habeas corpus. The contrary policy has been declared and made necessary; and, generally speaking, it will not issue original writs of habeas corpus in cases where other courts have jurisdiction to do so.")); *Ex parte Japan*, 38 S.W. 43, 43-44 (Tex. Crim. App. 1896) (following *Lambert*); *see also Ex parte Phelper*, 433 S.W.2d 897, 897-98 (Tex. Crim. App. 1968) ("This court has consistently declined to exercise its original jurisdiction in habeas corpus attacks upon the validity of a misdemeanor conviction, the county court, district court, or a judge of said court having jurisdiction to grant relief, and the petitioner having the right of appeal from an order denying relief.") (citing *Smallwood* and other cases); *Ex parte Rodriguez*, 334 S.W.2d 294, 294-95 (Tex. Crim. App. 1960) ("This Court does not hear evidence. In proceedings of this character it has been the uniform practice of this Court for many years to require that resort be first had to application for habeas corpus to the judge of the trial court or other county court, county court at law or district judge of the county for relief, and an application for habeas corpus originally filed in this Court attacking the legality of confinement under a misdemeanor judgment will not otherwise be entertained.") (citing *Japan* and other cases).

grant an original writ of habeas corpus, except in extraordinary cases.") (citations omitted).

Under the rule in *Lambert*, then, this Court will accept a "Constitutional writ" application as an original matter only in extraordinary circumstances. The applicant must first seek appropriate relief at the appropriate trial-level court. The refusal of an appropriate trial-level court to issue the writ after being presented with a colorable claim will generally constitute an extraordinary circumstance.[3] We emphasize that, for the purpose of establishing extraordinary circumstances, the court of conviction is ordinarily the appropriate court in which to first seek relief, if it has habeas jurisdiction. And if a trial-level court issues the writ but denies relief, the applicant's remedy is an appeal from that determination, not an original writ with this Court.

Applicant contends that this is one of those "extraordinary circumstances" because "a misdemeanor trial judge does not have authority to order the Court of Criminal Appeals to permit the filing of an out-of-time PDR." We disagree. In *Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, we held that a trial court that otherwise had habeas authority had the power to grant an out-of-time appeal. 769 S.W.2d at 558-59 (granting mandamus relief against a court of appeals's refusal

---

[3] This is similar to our rule in mandamus cases that "the petition should be presented first to the court of appeals unless there is a compelling reason not to do so." *See Padilla v. McDaniel*, 122 S.W.3d 805, 808 (Tex. Crim. App. 2003).

to docket an appeal: "We hold that the district court had jurisdiction to entertain the writ of habeas corpus, and applicant in this cause properly invoked that jurisdiction by filing his writ with the district court. Thus, the district court had jurisdiction of the habeas application. Since the district court had this jurisdiction, it had the authority to grant an out-of-time appeal."). We see no relevant distinction between a request for an out-of-time appeal and a request for an out-of-time PDR.

Moreover, in both situations, the applicant will ordinarily have to introduce some additional evidence not contained in the trial or appellate record of the case–explaining what happened to prevent the timely filing of an appeal or PDR–and the habeas court will have to pass on the credibility of such evidence. In the present case, for example, applicant seeks an out-of-time PDR based in part on an affidavit in which his attorney claims that he was mistaken about the filing deadline. The trial level is generally the appropriate place to receive evidence and to resolve fact issues, at least in the first instance. *Ex parte Pena*, ___ S.W.3d ___, 2016 WL 898837, at *1 (Tex. Crim. App. Mar. 9, 2016) (per curiam).

Finally, what Applicant characterizes as a trial judge's authority to "order the Court of Criminal Appeals to permit the filing of an out-of-time PDR" does not, in fact, order us to do anything. Rather, it merely resets the applicable appellate time table. We have allowed trial courts to reset the clock in terms of an out-of-time

appeal; we similarly hold that a trial court is authorized to reset the clock for an out-of-time PDR should such relief be necessary through a meritorious application for a writ of habeas corpus.

Before seeking relief on a "Constitutional writ" in this Court, an applicant must first seek relief at the trial level (and avail himself of any appellate remedy if necessary). *Rodriguez*, 769 S.W.2d 558-59. Applicant did not do so in this case.[4] We dismiss his application for habeas corpus relief in this case so that Applicant may seek relief at the trial level.

Delivered: May 4, 2016

Publish

---

[4]The question before the Court is whether we should exercise our original habeas corpus jurisdiction. Having answered that question, it is unnecessary for the Court to decide which type of post-conviction writ application Applicant should file in the trial court.