**Affirmed and Opinion filed July 23, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00106-CR

---

### EX PARTE HERIBERTO MORALES

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1357899**

## O P I N I O N

The question in this interlocutory appeal is whether section 25.11 of the Texas Penal Code is unconstitutional on its face. The trial court denied habeas relief, having determined that the statute did not operate unconstitutionally in all of its applications. We affirm the trial court's judgment.

Section 25.11 is a criminal statute proscribing continuous acts of family violence. Its pertinent provisions state as follows:

> (a) A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an [assault] under Section 22.01(a)(1) against

another person or persons whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.

(b) If the jury is the trier of fact, members of the jury are not required to agree unanimously on the specific conduct in which the defendant engaged that constituted an offense under Section 22.01(a)(1) against the person or persons described by Subsection (a) or the exact date when that conduct occurred. The jury must agree unanimously that the defendant, during a period that is 12 months or less in duration, two or more times engaged in conduct that constituted an offense under Section 22.01(a)(1) against the persons or persons described by Subsection (a).

Tex. Penal Code § 25.11.

Appellant Heriberto Morales was charged with committing an offense under Section 25.11. He applied for a pretrial writ of habeas corpus, arguing that the statute is unconstitutional on its face because it violates the guarantee of a unanimous jury verdict. The trial court denied appellant's application, prompting this interlocutory appeal.

The pretrial writ is an "extraordinary remedy." *See Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Appellate courts must be careful, on interlocutory review, not to entertain an application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal. *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see also Ex parte Smith*, 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005) ("[A] writ of habeas corpus cannot be used as a substitute for an appeal or to serve the office of an appeal." (citing *Ex parte Rathmell*, 717 S.W.2d 33, 48 (Tex. Crim. App. 1986)). Only issues cognizable on habeas grounds, such as those that protect the applicant's substantive rights or conserve the use of judicial resources, may be considered on interlocutory appeal. *See Weise*, 55 S.W.3d at 620. We have jurisdiction in this case because a facial

challenge to a statute is cognizable for purposes of pretrial habeas. *See Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense . . . .").

Facial challenges to a statute are difficult to mount successfully. *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). To prevail, the defendant must establish that the statute "always operates unconstitutionally in all possible circumstances." *See State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). As the reviewing court, we consider the statute only as it is written, rather than how it operates in practice. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). Furthermore, we presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily by choosing to enact it. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The defendant, as the individual challenging the statute, has the burden of establishing its unconstitutionality. *See Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990).

Appellant argues that the statute is invalid under both the United States and Texas Constitutions. We analyze only the challenge asserted under the Texas Constitution because appellant concedes that his state rights are "more expansive" than those federally secured. *Compare Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008) ("Under the Texas Constitution . . . a Texas jury must reach a unanimous verdict."), *with Apodaca v. Oregon*, 406 U.S. 404, 411 (1972) (holding that the Sixth Amendment, as applied to the states through the Fourteenth Amendment, does not require unanimity in state trials), *and Johnson v. Louisiana*, 406 U.S. 356, 362–63 (1972) (holding that state conviction supported by a "substantial majority of the jury" was not subject to constitutional challenge).

3

Under Texas law, unanimity means that "each and every juror agrees that the defendant committed the same, single, specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). Jurors must unanimously agree on all elements of a crime in order to convict, but they need not agree on all underlying facts that compose a particular element. *See Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006) (citing *State v. Johnson*, 627 N.W.2d 455, 459–60 (Wis. 2001)); *Ngo*, 175 S.W.3d at 747. When alternative manners and means of committing an offense are developed during trial, the jury may return a verdict of guilty if the evidence supports a conviction under any theory submitted. *See, e.g.*, *Jefferson*, 189 S.W.3d at 312 (concluding that jury could be charged disjunctively where statute did not define "act or omission" as a specific element of the offense and where the evidence supported three separate bases for finding that the defendant caused injury to a child); *see also Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *McMillian v. State*, 388 S.W.3d 866, 871 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

According to appellant, Section 25.11 functions like an "umbrella offense" that encompasses two or more underlying assaults. Appellant argues that this umbrella framework violates his right to a unanimous verdict because the statute has no requirement that each assault be committed against the same complainant. Appellant also attacks the statute because it has no requirement that the jury unanimously agree on the occasions in which each alleged assault was committed. Appellant draws on an example where evidence of twenty-four discrete acts of family violence is adduced during trial. Appellant claims that in that "extreme" case, a jury could return a verdict of guilty without any two jurors believing that the same component assaults had been proven beyond a reasonable doubt.

When lodging a facial challenge, it is not enough to argue that a statute might operate unconstitutionally in a single circumstance, much less an extreme one. *See Santikos*, 836 S.W.2d at 633. As the challenger below, appellant assumed the burden of demonstrating that the statute operates unconstitutionally in *every* circumstance. *See Lykos*, 330 S.W.3d at 908–99. Appellant has not satisfied this difficult burden.

The indictment alleges that appellant committed an offense under Section 25.11 by committing two acts of violence—one in November 2011 and the other in January 2012—both of which caused bodily injury to the same member of appellant's family. If the evidence supported this most basic of allegations, a conviction could be had only if the jurors unanimously agreed that the defendant committed both component assaults against the same individual complainant. *See* Tex. Penal Code § 25.11. The statute would not operate unconstitutionally in that specific factual circumstance. *Cf. Martin v. State*, 335 S.W.3d 867, 872–73 (Tex. App.—Austin 2011, pet. ref'd) (holding that unanimous verdict requirement was not violated in an as-applied challenge to a similar statute involving a "continuous" pattern of conduct); *Casey v. State*, 349 S.W.3d 825, 829–30 (Tex. App.—El Paso 2011, pet. ref'd) (same); *Jacobsen v. State*, 325 S.W.3d 733, 739 (Tex. App.—Austin 2010, pet. ref'd) (same). Therefore, appellant cannot show that Section 25.11 is unconstitutional on its face. *Cf. Rosseau*, 396 S.W.3d at 558 (rejecting a facial challenge to a statute after recognizing one factual circumstance in which the statute would be valid).

We affirm the trial court's judgment denying habeas relief.

/s/    John Donovan
Justice

Panel consists of Justices Frost, Boyce, and Donovan.

Publish — Tex. R. App. P. 47.2(b).