**Petition for Writ of Mandamus and Writ of Habeas Corpus Dismissed in Part and Denied in Part, and Memorandum Opinion filed August 14, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00639-CR

## IN RE PATRICIA ANN POTTS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1970525**

## MEMORANDUM OPINION

On August 7, 2014, relator Patricia Ann Potts filed a petition for writ of mandamus and writ of habeas corpus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator alleges that she is falsely imprisoned in the Harris County Jail, and has been deprived of her rights to a jury trial and a speedy trial. Relator asks this court to compel her release from custody, and to compel the Honorable Bill Harmon, presiding judge of the County Criminal

Court at Law Number 2 of Harris County, to provide relator a jury trial immediately.

We are unable to consider relator's request for habeas corpus relief, because this court has no original habeas corpus jurisdiction in criminal law matters. *See* Tex. Gov't Code § 22.221(d) (providing original habeas jurisdiction to the courts of appeals where a relator's liberty is restrained by virtue of an order, process, or commitment issued by a court or judge in a civil case). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge of those courts. Tex. Code Crim. Proc. art. 11.05. Although this court has jurisdiction in certain circumstances to consider an interlocutory appeal of the denial of an application for a pretrial writ of habeas corpus, that jurisdiction exists only where the issue raised is cognizable in habeas. *See Ex parte Morales*, 416 S.W.3d 546, 548 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). A pretrial writ of habeas corpus may not be used to assert the right to a speedy trial. *See Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Moreover, there is no indication that relator has filed an application for a writ of habeas corpus with the trial court. Accordingly, we dismiss relator's petition for want of jurisdiction insofar as relator seeks a writ of habeas corpus.

With regards to relator's request for mandamus relief, she has not satisfied her burden to demonstrate entitlement to such relief. "The relator generally must bring forward all that is necessary to establish a claim for relief." *In re Potts*, 399 S.W.3d 685, 686 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1)(a), 52.7(a)(1). Relator asserts in her petition that she has been denied her rights to a jury trial and a speedy trial. But, relator has not

provided this court any documentation along with her petition that pertains to her jury trial complaint. And, the only documentation she provides in support of her speedy trial claim is a copy of a case reset form that is neither certified nor sworn as the Rules of Appellate Procedure require. *See* Tex. R. App. P. 52.3(k)(1)(A). Moreover, there is no documentation that relator first presented her complaints to the trial court. "Mandamus relief generally requires a predicate request for an action and a refusal of that request." *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Because relator has not demonstrated her entitlement to mandamus relief, we deny the remainder of relator's petition.

Therefore, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction and we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).