## 165-15

No. PD-10165-15

ORIGINAL

In The Court of Criminal Appeals
Austin Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

Eric L. Hill,
            Appellant

                vs

The State of Texas,
            Appellee

FILED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

From The Six Court of Appeals
    No. 06-14-00014-CR
Trial No. 43,089B
Appellant Petition For Discretionary Review

Respectfully Submitted
Eric L. Hill
TDCJ-CID No. 1917752
Allred Unit
2101 FM 369 North
Iowa Park, Tx.  76367
Appellant.

Table of Contents                                          Page No.

Index of Authorities                                          3

Statement Regarding Oral Arguement                           3

Statement Regarding Case                                     4

Statement of Procedual History                               3

Grounds for Review Number One                               4,5
    The jury charged violated the requirement
    of a unanimous verdict

Grounds for Review Number Two                               4,5
    There is insufficient evidence to sustain
    a conviction

Prayer for Relief/Conclusion                                 8

Certificate of Services                                      8

Unsworn Declaration                                          8

[2]

Oral Arguement

The Appellant does not wish to have a oral arguement the Appellant is incarce-
rated and does not wish to incur the cost upon the court so no oral arguement
is requested.

Index of Authorities                                          page

Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010)          5,7
Johnson v. State, 23 S.W.3d 1 (Tex.Crim.App. 2000)            5,7
Lane v. State, 151 S.W.3d 188 (Tex.Crim.App. 2004)           5,7

Morales v. State, 416 S.W.3d (Tex.App. Houston 14th Dist.2013)    5
Ngo v. State, 175 S.W.3d 738 (Tex.Crim.App. 2005)            5
Young v. State, 14 S.W.3d 748 (Tex.Crim.App. 2000)           5,7

Statement of Procedural History

On January 9,2015 the sixth court of appeals issued its opinion affirming
the Appellant's conviction for the offense of continuous violence against the
family. The Appellant's attorney on appeal files a motion with the 188th Dist-
rict Court for Leave to file a Discretionary Review for the appellant and was
Granted. Attorney later filed a motion for extension of time. The PDR Brief w-
as due on 2-8-15. Time was granted. Attorney has filed a Motion to Withdrawl.
Notice was served on the Appellant on Feb. 18,2015. The state granted the Pro
se petitioner time to file April 10,2015.

Statues

Texas Code of Criminal Procedure Art. 4.06          5,7
Texas Family Code Chapter 91.003                     6
Texas Code Criminal Art. 11.43                       5,7

No. PD-0165-15

Eric L. Hill
                    Appellant


v.


The State of Texas
                    Appellee

Petition For Discretionary Review

To The Honorable Court of Criminal appeals of Texas:
   Appellant Eric L. Hill. submits his Petition for discretionary review to c-
orrect errors of law committed by the sixth court of appeals, in favor of app-
ellee, State of Texas. Appellant was the accused in the trial court and the a-
ppellant in the court of appeals. For clarity, Eric L. Hill will be referred
to as the Appellant and The State of Texas will be referred to as the Appellee
Please note that the appellant does so without the benefit of the record which
a copy was not afforded to the Petitioner.


Statement of the Case

   On October 10,2013, the Appellant was indicted for the offense  continuous
violence against the family under the authority of Texas Penal Code,  Sec. 25.
11. The indictment sets out three misdemeanor offense of family violence alleg
ing acts by the appellant against Raven Thomas. The indictment also contained
two sequential prior felony enhancement allergation, making the range of puni-
shment 25 years to Life confinement. The second enhancement allergation conta-
ined an incorrect cause number but was corrected before trail by a motion   to
amend which was granted by the trial court.

   On February 25 trial began and ended with a verdict of guilty. February 26,
the defendant was sentenced to 27 years confinement to TDCJ and this Appeal p-
rocess began.

Grounds for Review One

1.) The sixth court has misconstrued a statue and has decided an important qu-
estion of state law that has not been but should be settled by the Court of Cr
minal Appeals. Further, they have not applied the correct analysis to the case
at bar in regards to the error in the jury charge. Denying the defendant a fa-
ir and impartial trail due to a now unanimous verdict.

Ground Number Two

   The sixth court of appeals has relied on perjured and false statement and
the stacking of inferences in deciding the legal sufficency of the evidence in
the 2 offense under review and has decided on them in a way that conflicts wi-
th the law. That the state has a duty to put on compotent reliable, substanive

[4]

evidence to prove every element of that a person actually committed a crime.


## Reason for Review One
### The jury charged violated the Requirement of a unanimous verdict.


It is without question that Texas law requires a unanimous verdict in a fe-elony case Ngo. v. State, 175 S.W.3d 738(Tex.Crim.App. 2005).Unanimously means that each and every juror agree that the defendant committed the same single, specific criminal act. Jurors must unanimously agree on all elements of a cri-me in order to convict but they need not agree on all underlying facts that compose a particular element. Ngo, 175 S.W.3d a 747.

The lower court has misconstrued the charge. The indictment set out three seperate and specific dated offenses each of the offense contained acts the m-anner and means by which each offense occured. The first offense charged that the defendant committed a assault by striking the victim with a chair,hand, a-nd feet. The second offense alleged that the assault occured by striking vict-im with hand and feet. And the third assault alleged only one act by hand. The jury was not presented with any menu of these alleged acts (six) in total. However, the jury was given three seperate and specific dated offense and told it could choose without agreeing on any two specific offenses. And it is unde-rstood that the underlying facts that compose a element does not require unani minity. The indictment alleged with certainty what the state was required to prove. Not only did the jury charge violate verdict unanimity it violated the due process of the appellant. Each of the alleged offense charges were unajud-icate misdemeanors the state proceeded to the felony portion of the indictme-nt with out there being any findings on the charges listed above it. The felo-ny was plead after these offense and there was no time period alleged nor tes-tified to the jury charge at bar circumvented the whole trial process and all-owed for a non-unanimous verdict. The essential elements where the offense th-emselves. The manner by which they were committed is another issue.

The case at bar should be decided on its own merits based on the indictment and Texas law. The correct analysis should be used in determining if the jury charge at bar violated the Texas law requiring unanimous jury verdicts in all felony cases. The only case related to the case at bar is Morales v. State 416 S.W.3d 546 (Tex.App.Hou. 14th Dist.) However that case only involved two offe-nse and it was a interlocutory appeal and required a high standard to prove i-nvalidity on its face. And the court didn't answer the question of whether the statue acts/operates in a unconstitutional manner since the charge only contai ned the basis 2 offense the question was not answered. And the lower failed to answer the question. They only construed the charge in a way that it is not c-harged. If the law requires a unanimous jury verdict and that the jury must be unanimous on the essential elements. Then the law must prevail in the case at bar.

## Reason for Review Two
### The Evidence was Insufficient

It has been recognized by the courts that the charging of defendants with multiple offense before a single jury is highly prejudical which the case at bar shows. the court was charged with whether there was insufficient evidence in two of the alleged offense contained in the indictment. The lower court is

relying on the stacking of inferance based of a showing that the Appellant co-mmitted one of the alleged offense. And based on that offense determine the b-elievability of the witness even though the state failed to produce reliab le, substative, credible, and compotent evidence showing that the appellant actua-lly committed a crime or that a crime was even committed in the two offense u-nder review. For clarity the indictment alleges 3 specific Assault of Family Violence alleging acts committed by the appellant on appeal the Appellant only challenged the Insufficency on 2 of these assault. thta being the first Assau-lt which allege occured on February 22,2013 at the home of the victim and the 3rd assault that allege occured on June 29,2013 at the home of the alleged vi-ctim raven Thomas. For clarity the Appellant's attorney at Trial input the ap-pellant's guilt to the 2nd assault charged in the Indictment and maintain this position throughout Trial for the Appellant didn't testify during thsi portion of the trial. The states witness Raven Thomas testifying for the state stated that the appellant had located her at a club and hand punched and kicked her although things where unclear to her because she was knocked to the ground and disorientated. However even with the Appellants attorney inputing the Appella-nt's guilt before any evidence was offered by the state and the states witness testifying to this assault. The state put on an elaborate display of evidence, detailing thsi assault. Police had witness this assault for it occured at a c-lub and each of those officers testified to witnessing this assault and one J-acob Zimmerman was even ask to demonstrate the kick that the appellant delive-red to the victim photo's were taken state's exhibit's and there is no question as to the assault. It was unchallenged at the trial and on appeal.The Appellant firmly assert that this was the bases for the Jury's verdict of gui-lt and there was no alternative of guilt. The 2 assault that are under analys-is are the February 22,2013 assault alleged in the indictment and the June 29, 2013 assault alleged in the indictment. The state alleges that on February 22, 2013 the alleged victim accused the Appellant of a assault occuring in the ea-rly morning hours of February 22,2013 at trial the alleged victim testifying for the state admits to making a false report against the Appellant and that because of her anger at the appellant unwillingness to come home. The injury that she alleges she substained was due to her slamming her hand in a car door. The alleged victim also stated that she had went to the hospital because of her injury. However, there is no medical record/ or medical staff testifying to confirm any of this. There is nobody who ident-ified the Appellant or witness any such assault. The state witness Grace Bagl-ey claims to have seen injuries but because of her camera conveniently not w-orking she didn't take any photos of the injuries She claims to have put details in her report but her report doesn't make any notes of a chair fi-tting the description of a rolling desk chair nor does her testimony. She also stated that prior to trail that she had never before seen the Appellant.And t-hat no body was at home but Raven Thomas.

There is nothing of proof that the Appellant committed this assault. There is no medical record which would prove injuries. Its common knowledge that if one goes to a hospital complaining of a family violence it would be a detail record of any injuries. There is simply no proof beyond a reasonavle doubt th-at a crime was ever committed. In the third alleged assault on June 29,2013 t-he state alleges that Appellant assaulted the alleged victim after getting out of jail. Again there is no proof of any assault. No state witness cla-ims to have witness any assault. The alleged victim stated at trial and at the scene that she was not assaulted and the injuries she had substained was from the earlier assault that had occured on June 29,2013 the 2nd assault alleged in the indictment. two officer testifying for the state calims t-

[6]

he state claims that a witness told them of a assault. But failed to make any positive identification of that witness. And the claim witness a A. Morgan stated that at no time did she state to police that she was a witness to an assault by the Appellant against Raven Thomas.

The state witness gregg Thomas state that it sounded like somebody was having a fight. Somebody could be anybody. This doesn't prove anything. Nobody was in the residence when police arrived but the Appellant and his family. And there was no hostility noted between the two parties. The alleged assault that was testified to was that the Appellant had assaulted Brittney Morgan this is what the jury heard and the fact that Appellant dealt with the police rudely. There was simply no assault that occured. No photos were taken of any new or pre-existing injuries. Because a defendant had been arrested and charged with a crime doesn't defeat his presumption of innocence. There is simply no proof beyond a reasonable doubt that a crime was even committed.

There was no evidence or testimony present to the jury of the offense of 25 11 the fourth offense alleged in the Indictment. The state case rested after Mr. Thomas testimony and no further witness was called to testify to the elements and give evidence of the offense of 25.11. The time period start date-Thru end date. And there was no victim that testified that they were assaulted by the defendant 2 or more times within any time period.

The state incorporated this offense into a jury charge without any proof being offered. For the other offense alleged contain there own elements and facts.

The proper analysis for sufficiency of the evidence will be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Brooks v. State 323 S.W.3d 893 (Tex.Crim.App. 2010); Johnson v.State 23 S.W.3d 1 (Tex.Crim.App. 2000); Lane v. State, 151 S.W.3d 188 (Tex.Crim.App. 2-004; and Young v. State, 14 S.W.3d 748 (Tex.Crim.App. 2000).

## Conclusion and Prayer

The appellant ask this Court to Review the lower Courts ruling because the lower Court has errored on a matter of Law and has decide against the Law and this Court has the power to decide on matters of law. Also the case at Bar has not been properly decided by the Texas Supreme Court on its own merits. The Appellant ask that this court remand and reverse this case with Instruction of Acquital reordered or in the alternative, without waiving the above reversed and remanded for a new trial.

*Eric L. Hill*

Respectfully Submitted
Eric L. Hill #1917752
Pro se Petitioner
Allred Unit
2101 FM 369 N.
Iowa Park, Tx. 76367

## Certificate of Service

My name is Eric Lamothe hill 7-22-75, my inmate ID #1917752. I am presently incarcerated in James allred unit in Iowa Park, Wichita Tx 76367 and I declare that a true and correct copy of the above pleading has been sent to District Attorney William M Jennings, 101 E.Methvin. Ste.333 Longview, Tx.76501 By U.S. Mail on 8th day of April, 2015.

Eric L. Hill

*Eric L. Hill*

## Unsworn Declaration

My name is Eric Lamothe Hill D.O.B. is 7-22-75. My inmate number is #1917752. I'm presently incarcerated in James Allred Unit in Iowa Park, Tx. 76367. I declare under penalty of perjury that the foregoing is true and correct. Executed on the 8th day of April 2015.

*Eric L. Hill*

Pro-Se Litigant

[8]

No. PD-0165-15

In The Case of Criminal Appeals

At

Austin, Texas

Eric L. Hill                                          Appellant/Petitioner

v.

The State of Texas                                   Appellee/Respondent

Motion To Suspend Rules

To The Honorable Justice of the Texas Court of Criminal Appeals:

comes now, Eric L. Hill. the Appellant/Petitioner, who does makes proper a-
nd file this Motion To Suspend Rules in accordance and pursuant to Tx.Cr.App.
Pro., rule 2 and does state, declare, varify, confirm, acknowledge, and plead,
in support hereof as follows:

I.
Jurisdiction

The Appellant/Petitioner maintains and aver.The court of Criminal Appeals
has both the authority and jurisdiction over the subject matter and parties
to this matter in accordance with the pursuant to Texas Constitution article 5
Seq.; Texas Rules of Appellant Procedure, and any and all rulings and authori-
ties applicable and relevent to this pleading and the relief sought and reque-
sted.

II.
Reason for Motion

The Appellant/Petitioner does maintain and aver the foregoing and instant
Motion to Suspend Rules is being made and filed to afford the appellant/Petit-
ioner, a laymon In The "art" and "science" of the field of law to have the H-
onorable Texas Court of Criminal Appeals relax the fromal requisties of the R-
ules governing form and procedure of making and filing a Petition For Discret-
ionary review invoking the mandate and ruling of Haines v. Kearner 404 U.S. 5-
19 (1972), allowing the "pro se litigant", such as the Appellant/Petitioner to
be held to liberal review without stringent and strict requirements as one who
is formally schooled and trained in the "art", "science", and "practice" of t-
he field of law as a Student of the State of Texas academy of the Bar, an att-
orney. For the Appellant/Petitioner contends the substance and subject matter
of his advanced Petition For discretionary Review is of more import relevance
then his having failed to adhere to form and procedure when the same plead and

[1]

subtantiates an error and miscarriage of Justice at the Court of Appeals and trial Court levels.

In light of the Appellant/Petitioner's aforegoing reason moving this atoneable Texas Court of Criminal appeals to suspend the Rules as to form and procedure governing Petitioner For Discretionary Review the Appellant/ Petitoner seeks any and all relief hereinafter prayed for in this matter. For this pleading is made a part of the accompanying Petition For Discretionary Review.

## Prayer

Wherefore, Promises Considered, Appellant/Petitioner, does PRAY that this Honorable Texas Court of Criminal Appeals suspends any and all strict requirement and application of rules governing the process and procedure of Petition For discretionary review and its review.

And Further, the Appellant/Petitioner PRAYS that this Honorable Texas Court of Criminal Appeals grant and Order any and all other available relief and reemdy as authorized by both law and equity as relevant to the foregoing pleading.

Respectfully Submitted,

Eric L. Hill #1917752
Appellate/Petitioner Pro Se
Allred Unit/TDCJ-CID
2101 FM 369 N.
Iowa Park, Texas
76367

[2]

## VERIFICATION

I, Eric L. Hill, #1917752, an offender, who is the Appellant/Pettitioner, who does declare, state, confirm, acknowledge, verify, and plead under the Penalty of Perjury of the laws of the United States and the State of Texas that the contents of the foregoing Motion To suspend Rules is true and correct as declared, confirmed, and stated therein by hereinafter affixing my signature and the date of its execution in accordance with and pursuant to 28 U.S.C. 1746 and Tex.Civ.Proc. and Rem.Code, sections 132.001-132.003 as executed on this date of 8th of April 2015.

*Eric L. Hill*
Eric L. Hill, #1917752
Appellant/Petitioner,"Pro Se"
Allred Unit/TDCJ-CID
2101 FM 369 N.
Iowa Park, TX.
                76367

## CERTIFICATE OF SERVICE

I, Eric L. Hill,#1917752, do declare, certify, verify, acknowledge, state, and plead under the penalty of perjury of its laws of the United States and The State of Texas that I have sowed a true and correct copy of the Motion To suspend rule upon the appellee/Respondant by placing the same in a postage prepaid stamped/envelope addressed to the Appellee/Respondent, namely; Honorable william M. Jennings, Gregg County District A Horney at Gregg County District A Horney's Office; 101 E.Methvin; Suite 333; Longview, Tx. 76501 by placing the same in the allred Unit Mail Box to be subsequently picked up by Allred Unit Mail Room Personel, who will log the same in outgoing Legal/Special Mail Correspondance Log and subsequently deposit in the United State Postal Service for delivery as stated, declared, confirmed, certified, pled to be a true and correct act of service in accordance and pursuant to 28 U.S.C 1746 and Tex.Civ.Proc. and Rem.Code, sections 132.001-132.003 to which my signature is affixed below on this date of 8th of April, 2015.

*Eric L. Hill*
Eric L. Hill,#1917752
Appellate/Petitioner,"Pro Se"

[3]



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00044-CR

_____

ERIC L. HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 43089-B

Before Morriss, C.J., Moseley and Carter,* JJ.
Opinion by Justice Moseley

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# OPINION

Eric L. Hill was convicted by a jury of continuous family violence, based on allegations that he had done violence to his girlfriend, Raven Thomas, on three occasions within twelve continuous months. The charge alleged that he had committed such violence once on February 22, 2013, and that there were two such acts of violence committed by him June 29, 2013 (one of these was alleged to have occurred at a club and another one on the same day in the apartment they shared). After the jury finding of guilt, Hill entered a "true" plea to two enhancement allegations and tried the issue of punishment to the jury. He was sentenced to serve twenty-seven years in prison.

Although Hill does not dispute that Thomas falls within the class of people designated as "family" pursuant to the statute under which he was charged, he contends on appeal (1) that there is insufficient evidence to sustain his conviction and (2) that the jury charge failed to require the jurors to return a unanimous verdict. To explain his position a bit more, although Hill admitted that he attacked Thomas at the club, he maintains that there is insufficient evidence that he did violence to her during either of the other two incidents that were alleged to have occurred.

In addition to Hill's claim that there was insufficient evidence for the jury to have found the existence of the other two alleged incidents, he argues that the trial court erred in its refusal to instruct the jury that in order to convict, it was necessary for the jury to agree on the existence of the same offenses.

2

A person commits the offense of continuous violence against the family, a third degree felony, if the person, within a twelve-month period, assaults a family member two or more times. TEX. PENAL CODE ANN. § 25.11 (West 2011). Its pertinent provisions state as follows:

> (a) A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an [assault] under Section 22.01(a)(1) against another person or persons whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code.
>
> (b) If the jury is the trier of fact, members of the jury are not required to agree unanimously on the specific conduct in which the defendant engaged that constituted an offense under Section 22.01(a)(1) against the person or persons described by Subsection (a) or the exact date when that conduct occurred. The jury must agree unanimously that the defendant, during a period that is 12 months or less in duration, two or more times engaged in conduct that constituted an offense under Section 22.01(a)(1) against the person or persons described by Subsection (a).

*Id.*

## I. Claim of Insufficiency of the Evidence

In evaluating legal sufficiency in this case, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, that Hill committed the offense. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable

3

inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see Allen v. State*, 436 S.W.3d 815 (Tex. App.—Texarkana 2014, pet. ref'd).

Hill's indictment alleges that he committed an offense under Section 25.11 by committing three acts of violence—one in February 2013 and two others on the same day in June 2013—causing injury to a member of his "family"—Raven, his girlfriend.

Thomas told different versions at different times of her encounters with Hill. In each of the circumstances, she told people one story at or near the time of each incident, but radically changed her rendition of the facts at the time of trial.[1] The police officer who responded to the February complaint testified that Thomas had told him, and had told the dispatcher, that Hill assaulted her by throwing a rolling desk chair at her, that she broke her finger blocking it, and that Hill then jumped on her and punched and kicked her. The officer testified that Thomas had bruising on her back, shoulder, and ribs, and that her right middle finger was in a splint. At trial, although Thomas admitted that she had made those statements at the time, she said she had lied when she previously related that story. At trial, she said instead that her finger had been broken

---

[1] There is no indication that the State plans to pursue perjury charges against the alleged victim.

when she slammed it in a car door and that she had lied to the police and hospital staff about the injuries having been the result of Hill's assault because she was then angry at him. Her anger, she maintained, originated because Hill would not come home. At trial, she testified that she had warned him that she would call the police and tell them a story to get him in trouble if he did not return home.

Regarding the June incident, the testimony is more widely sourced. Antoinette Morgan, Thomas' friend, told police that at about the time the incident took place, she and Thomas were in Thomas' bedroom talking when Hill came in and struck both of them.[2] At the trial, Morgan's story of the incident changed. Under the newer version, Morgan testified that Hill had struck her, causing her to leave the bedroom; she maintained that after she departed, she did not know what later transpired. Thomas' father was also in the apartment. He testified that he telephoned 9-1-1 when he saw Hill enter and go upstairs to Thomas' bedroom; he said that he subsequently heard noises like "someone's getting beat up." The investigating officer testified that he saw Thomas as she came out of the apartment, that her face was "real red and puffy, swollen, still quite red," and that her apparent injuries were fresh. However, it is also apparent that she was beaten and injured only thirteen hours previously in the club incident.

All of this evidence (both the stories that were given at the time of the incidents and the changed stories provided by the women at the time of trial) was presented to the jury. In other words, there is evidence that could have been understood to support either the State's case or Hill's version of events. Sorting out and weighing the strength of the evidence is the jury's role

---

[2]As an aside, at the time this report was originally given, Morgan provided the police a false name, and she was, at the time of trial, incarcerated, charged with forgery.

5

in a trial, and there was evidence to support its decision. In the circumstances of this case, there was sufficient evidence for the jury to have found that Hill committed family violence during each of the three events mentioned in the charge. That being the case, there was sufficient evidence to support a finding by the jury that Hill committed continuous family violence.

## II.   Claim of Jury Charge Error

The next issue raised by Hill concerns the appropriateness of the jury charge. Before submission, Hill requested that an instruction be included informing the jury that it was required to come to a unanimous decision on two offenses, rather than some jurors finding the evidence sufficient as to one, and some sufficient as to the other. The trial court considered the matter overnight, but then refused the request. Hill argues that this was error of sufficient gravity to dictate reversal, because it is axiomatic that Texas law requires a unanimous verdict in a felony case. *See Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005).

Unanimity means that "each and every juror agrees that the defendant committed the same, single, specific criminal act." *Id.* at 745. Jurors must unanimously agree on all elements of a crime in order to convict, but they need not agree on all underlying facts that compose a particular element. *See Jefferson v. State*, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006) (citing *State v. Johnson*, 627 N.W.2d 455, 459–60 (Wis. 2001)); *Ngo*, 175 S.W.3d at 747. Thus, as will be addressed below, courts have tended to lock in on the question of exactly what constitutes the elements of the statutory crime.

Understandably (because the statute under which Hill was charged is a relatively new law), no opinion of an appellate court in Texas is directly on point. As raised on appeal, the

6

question is whether the trial court erred by failing to properly submit the charge as requested, as a violation of Hill's Sixth Amendment rights. *See* U.S. CONST. amend. VI.

The pertinent part of the submitted charge reads as follows:

> To find the Defendant "guilty" of Continuous Violence Against the Family you must all agree that the State has proven elements 1, 2, and 3 listed above beyond a reasonable doubt, but you do not have to agree on which two Assaults listed in elements 2(a), 2(b) and 2(c) above.

As set out at trial and now on appeal, the question is whether it was proper to tell the jury that if each juror believed Hill assaulted Thomas twice (out of any number of possibilities) during a year, then it should convict, or, alternatively, if the Constitution requires the jurors to unanimously conclude that two particular assaults occurred before it can properly convict.

The State suggests that we should import the reasoning utilized in connection with the continuous sexual abuse statute,[3] which contains similar language to the continuous family violence statute applied in this case. In a case involving the continuous sexual abuse statute, the Austin Court of Appeals concluded that the right to a unanimous jury verdict was not violated when the jury was not required to unanimously agree on which of the various offenses had occurred so long as the jury was required to unanimously decide that the defendant had committed at least two of the alleged sexual acts. *Martin v. State*, 335 S.W.3d 867, 872 (Tex. App.—Austin 2011, pet. ref'd), *cert. denied*, 133 S.Ct. 645 (2012).

In that case, the State alleged eleven different "acts" and, similar to this case, the charge simply required the jury to find, as a group, that Martin had committed two of the sex abuse acts. *Id.* The jury was not required to make findings showing that each juror concurred as to which of

---

[3]TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014).

7

the acts had been committed. Clearly, if we assume the jury in the *Martin* case followed its instructions, the jurors could have found an enormous number of combinations that did not involve any degree of unanimity. Although there is a lesser number of possibilities to add in the mix here, the argument raised in the *Martin* case basically raised the same kind of constitutional issues implicated by this appeal. Here, the State urges that we should adopt the reasoning in *Martin* to decide that the unanimity constitutionally required is not as to the specifically claimed wrongful acts, but is instead to a generic finding beyond a reasonable doubt that Hill had committed (at least) any two of the alleged actions.

In *Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.), our sister court affirmed a conviction under the continuous sexual abuse law with only the briefest discussion of the issue of unanimity as to which of several incidents had occurred, concluding that the element of the offense was two prohibited acts. The Fort Worth Court held that all that was required for conviction was proof beyond a reasonable doubt that two such acts had occurred, but that it was not necessary to prove each act upon which the State relied. The San Antonio court in *Fulmer v. State*, 401 S.W.3d 305, 312–13 (Tex. App.—San Antonio 2012, pet. ref'd), *cert. denied*, 134 S.Ct. 436 (2013), provided a much more detailed examination of the issue. As did the Austin court in *Martin*, the San Antonio court concluded in *Fulmer* that the individual acts of sexual abuse were not the elements of the offense, but instead were only evidentiary facts of the charged offense, "'the manner and means by which the actus reus element is committed.'" *Id.* at 312 (quoting *Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex.

App.—Austin 2010, no pet.)); *see Casey v. State*, 349 S.W.3d 825, 829–30 (Tex. App.—El Paso 2011, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd).

In a case analyzing the family violence statute which was the basis of the conviction in this case, one Texas appellate court does suggest some discomfort with this reasoning. *See Ex parte Morales*, 416 S.W.3d 546, 548–49 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). In that case, although the court worked its way through this logic in connection with the family violence statute, it then concluded (without agreeing that it was correct) that it did not need to reach that question because only two allegations were made, and a facial pretrial challenge to the constitutionality of the statute was thus not adequately shown.

Except for *Morales*, none of these cases analyze the statute at issue in this case, and the *Morales* case is easily distinguishable because the jury was presented with only two incidents of family violence. However, the reasoning utilized in those decisions is directly applicable to the continuous family violence statute. Although the relevant parts of the continuous sexual abuse statute and the continuous family violence statute are not precisely identical, they are sufficiently close to be compared. We adopt the reasoning in the continuous sexual abuse cases and apply it in continuous family violence cases. In the circumstances of construing the statute under examination here, it is sufficient to allow a jury to select from a menu of possible bad acts and agree that a defendant committed two of them without the concomitant requirement that the jurors be shown to all concur as to which of the acts did occur. In other words, we acquiesce in the analysis employed by our sister courts in their analysis of the perceived problem with the continuous sexual abuse statute; that is to say that the elements of the offense are not the

9

individual bad acts, but are the sufficiency of the evidence to prove the commission of any combination of any two of those acts during the requisite time period.

We have previously concluded that there was sufficient evidence to prove all three of the allegations.

Accordingly, we affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted: December 29, 2014
Date Decided: January 9, 2015

Publish

Eric L. Hill #1917752
Allred Unit
2101 369 N.
Iowa Park, Tx.
76367

NORTH TEXAS TX P
DALLAS TX 750
10 APR 2015 PM



CERTIFIED MAIL Court of Criminal Appeals of Tx
P.O.Box 12308
Capital Station
Austin, Texas 78711

78711230808