**AFFIRMED and Opinion Filed November 30, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01487-CR

**CRUZ DANIEL FELICIANO-SALINAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-83201-2017**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Cruz Daniel Feliciano-Salinas appeals his continuous sexual abuse of a child under fourteen conviction. A jury convicted appellant, and the trial court sentenced him to life imprisonment without the possibility of parole. In three issues, appellant argues the trial court erred in permitting certain argument by the prosecutor, and he was egregiously harmed, under state and federal law, by the trial court's submission of a jury charge that did not require the jury to agree unanimously on which specific acts of sexual abuse appellant committed or the exact dates they were committed. We affirm the trial court's judgment.

In October 2017, appellant was charged with continuous abuse of a child under fourteen. At trial, J.F. testified she married appellant in June 2013. At the time, J.F. had a five-year-old daughter, M.F., and a baby son. M.F. testified that appellant continuously sexually abused her,

and the abuse happened "a lot." During closing argument, the prosecutor stated appellant was "staring [M.F.] down" during her testimony. Appellant's counsel objected that the prosecutor was "making comments on the defendant's right to remain silent by nonverbal communication." The trial court overruled the objection. The jury convicted appellant of continuous sexual abuse of a child younger than fourteen, and this appeal followed.

In his first issue, appellant argues the prosecutor's argument that appellant "stared down" M.F. during her testimony was reversible error because it injected into the trial proceedings facts that were new and harmful to appellant. Appellant argues the prosecutor's argument "converted her subjective opinion about appellant's non-testimonial appearance into evidence of guilt." Further, appellant argues the trial court put its "stamp of judicial approval" on the error by overruling appellant's objection.

An objection stating one legal theory may not be used to support a different legal theory on appeal. *Barnes v. State*, 839 S.W.2d 118, 123 (Tex. App.—Dallas 1992, pet. ref'd). If the objection at trial is different than the argument on appeal, then nothing is preserved for review. *Id.*; *see Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014) (point of error on appeal must comport with objection made at trial). Here, appellant objected at trial that the prosecutor's argument was a comment on appellant's right to remain silent. On appeal, appellant argues the prosecutor's argument injected new and harmful facts into the trial proceedings, and the trial court put its stamp of judicial approval on the error by overruling appellant's objection. Because appellant's objection at trial was different from his argument on appeal, he has not preserved this issue for our review. *See Barnes*, 839 S.W.2d at 123; *Bekendam*, 441 S.W.3d at 300. We overrule appellant's first issue.

In his second and third issues, appellant argues the jury charge is fundamentally erroneous under state and federal law and resulted in egregious harm because it abrogated appellant's right to a unanimous verdict.

Appellate review of purported error in a jury charge involves a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). First, we determine whether the jury instruction is erroneous. *Id.* Second, if error occurred, then an appellate court must analyze that error for harm. *Id.* If, as here, the error was not objected to, it must be "fundamental" and requires reversal occurs only if it was so egregious and created such harm that the defendant "has not had a fair and impartial trial." *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

Appellant was charged with continuous sexual abuse of a child pursuant to section 21.02 of the Texas Penal Code. Section 21.02 provides, in pertinent part:

> (b) A person commits an offense if:
>
> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
>
> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.
>
> ....
>
> (d) If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE ANN. § 21.02 (emphasis added).

Count One of the indictment in this case charged appellant with the following:

### Count 1

> during a period that was 30 days or more in duration, committed two or more acts of sexual abuse against [M.F.], said acts of sexual abuse having been violations of one or more of the following penal laws, including:

Indecency With a Child by Sexual Contact, intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by causing the buttocks of [M.F.], a child younger than seventeen (17) years of age and not the spouse of the defendant, to touch part of the genitals of said defendant;

AND/OR

Indecency With a Child by Sexual Contact, intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by causing the back of [M.F.], a child younger than seventeen (17) years of age and not the spouse of the defendant, to touch part of the genitals of said defendant;

AND/OR

Aggravated Sexual Assault of a Child, intentionally and knowingly cause the female sexual organ of [M.F.], a child then younger than fourteen (14) years of age, and not the spouse of the defendant, to contact the male sexual organ of the defendant;

AND/OR

Aggravated Sexual Assault of a Child, intentionally and knowingly cause the anus of [M.F.], a child then younger than fourteen (14) years of age, and not the spouse of the defendant, to contact the male sexual organ of the defendant;

AND/OR

Indecency With a Child by Sexual Contact: intentionally and knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching part of the genitals of [M.F.], a child younger than seventeen (17) years of age and not the spouse of the defendant, by means of the defendant's hand;

and at the time of the commission of each of the acts of sexual abuse, the defendant was seventeen (17) years of age or older and [M.F.] was a child younger than fourteen (14) years of age;

The trial court's jury charge followed the language of section 21.02(d):

In order to find the defendant guilty of the offense of Continuous Sexual Abuse of a Young Child, you are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. However, in order to find the defendant guilty of the offense of Continuous Sexual Abuse of a Young Child, you must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Section 21.02 is a statute that creates a single element of a "series" of sexual abuse; it does not make each "violation" (act of sexual abuse) a separate element of the offense that needs to be

–4–

agreed upon unanimously. *Render v. State*, 316 S.W.3d 846, 858 (Tex. App.—Dallas 2010, pet. ref'd). Thus, the jury charge did not permit a non-unanimous verdict. *See id.* To the extent appellant argues the jury charge in this case violated a unanimity requirement under federal law, the Sixth Amendment, as applied to the states through the Fourteenth Amendment, does not require unanimity in state trials. *Apodaca v. Oregon*, 406 U.S. 404, 411–12 (1972) (Sixth Amendment does not require conviction by unanimous verdict in state court); *see Ex parte Morales*, 416 S.W.3d 546, 549 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Blanco v. State*, No. 05-15-01277-CR, 2017 WL 894539, at *5 (Tex. App.—Dallas Mar. 7, 2017, pet. ref'd). We overrule appellant's second and third issues.

We affirm the trial court's judgment.

/David L. Bridges/  
DAVID L. BRIDGES  
JUSTICE

Do Not Publish  
Tex. R. App. P. 47.2(b)

171487F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CRUZ DANIEL FELICIANO-SALINAS, Appellant

No. 05-17-01487-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-83201-2017.
Opinion delivered by Justice Bridges. Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 30, 2018.